Filed 11/8/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRIS LYNN BERDOLL,<br><br>    Defendant and Appellant. | 2d Crim. No. B317129<br>(Super. Ct. No. 18F-08854)<br>(San Luis Obispo County) |

While this criminal case was on appeal, there was a change in the law concerning a trial court's sentencing discretion. We decide not to remand this case to the trial court.

We rely on article VI, section 13 of the California Constitution. [1] It sets a standard for appellate courts to follow

---

[1] Article VI, section 13 of the California Constitution reads: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

when reviewing decisions of lower courts. No alleged error here has resulted in a miscarriage of justice.

This sensible rule prompts us to affirm the trial court's imposition of an indicated sentence. We reject a literal reading of a statute when to do so has no effect and squanders judicial resources. We also rely on what is inherent in our rendering judgments, the use of judgment.

Chris Lynn Berdoll appeals from the judgment after pleading no contest to 24 counts of using a minor to pose to create media depicting sexual acts (Pen. Code,[2] § 311.4, subd. (c); counts 1-24) and one count of possession of matter depicting a minor engaged in sexual acts (§ 311.11, subd. (a); count 25). The trial court sentenced him to four years four months in state prison. Berdoll contends the judgment should be vacated and the matter remanded for resentencing pursuant to Senate Bill No. 567 (2021-2022 Reg. Sess.). (Stats. 2021, ch. 731, § 1.3.) We conclude that here, where Berdoll agreed to an indicated sentence after the court considered the mitigating and aggravating factors in arriving at its sentence, a remand is not required. We affirm.

*FACTUAL AND PROCEDURAL HISTORY*[3]

Berdoll taught fifth grade in Atascadero. In August 2018, a student told police that she saw Berdoll hold his cell phone under another student's desk and take pictures or videos.

Police confiscated Berdoll's cell phone. On it were multiple pictures and videos of Berdoll's students. Some of the pictures had students' faces superimposed onto the naked bodies of other

---

[2] Statutory references are to the Penal Code.

[3] Because Berdoll waived his preliminary hearing and did not have a trial, we take the facts from pretrial hearings and pleadings.

2

children.  Others had images of Berdoll superimposed in a way that made it appear that he was engaged in sexual acts with the students.

Prosecutors charged Berdoll with 24 counts of using a minor to pose to create media depicting sexual acts and one count of possession of matter depicting a minor engaged in sexual acts.  At the plea hearing, and over the People's objection, the trial court said that it intended to sentence Berdoll to the upper term of three years on count 1 and run all other sentences concurrently if he pleaded guilty or no contest.  It noted two aggravating circumstances supporting its indicated sentence:  the crimes involved young, prepubescent girls, and Berdoll carried out his crimes in a planned, sophisticated manner by "directing the victims to move in a certain way in order to capture some of [his photographs]."  Berdoll pleaded no contest to all charges.

At sentencing, the trial court said that it was revising its previously indicated sentence upward from three years to four years four months.  Although the court noted Berdoll was eligible for probation, it concluded probation was inappropriate–and a longer prison sentence was justified–because his crimes represented a "massive violation of . . . trust" that persisted for "such a long time."  And as detailed in the probation report– which the court was required to consider (*People v. Flowers* (2022) 81 Cal.App.5th 680, 683)–the crimes involved the exploitation of young, vulnerable children who had a "reasonable expectation of safety" in the classroom.  They also "didn't have a choice in spending time and being left alone with [Berdoll]."  In revising its indicated sentence, the court also considered Berdoll's lack of criminal history, that his conduct did not involve physical touching, and that he had begun therapy to begin to deal with his sexual urges.  Ultimately, the court concluded that a longer

3

prison sentence was appropriate because "here we have young children and we have a teacher doing it."

Berdoll declined to withdraw his plea, and the trial court imposed the revised indicated sentence: the upper term of three years on count 1, and consecutive eight-month terms on counts 9 and 25. The court imposed concurrent, upper-term sentences on all remaining counts.

## DISCUSSION

Berdoll notes that after he was sentenced, Senate Bill No. 567 became law. He claims because of the new law this case must be remanded for resentencing.

"Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), making the middle term of imprisonment the presumptive sentence." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.) "A trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt." (*Ibid.*) "These amendments apply retroactively to [Berdoll] because his conviction was not final when this legislation took effect." (*Ibid.*)

Here the trial court found there were aggravating circumstances that required the aggregate upper term sentence it imposed. As the People note, "[T]here was undisputed evidence that appellant was a grade-school teacher who abused his position of trust by surreptitiously taking photographs and videos of his students and manipulating those images in pornographic ways. This behavior persisted over years and involved numerous students."

In *Flores*, the issue was whether Senate Bill No. 567 required a remand for resentencing where the trial court, before

4

its enactment, had imposed an upper term for a corporal injury offense based on *its findings* of aggravating circumstances following the defendant's conviction after a jury trial. The appellate court concluded Senate Bill No. 567 was retroactive, but it rejected the claim that a remand for resentencing was required because of the new changes enacted by Senate Bill No. 567. It said, "To the extent these aggravating circumstances were not stipulated to or found true beyond a reasonable doubt, any error in taking them into consideration is harmless." (*People v. Flores*, *supra*, 75 Cal.App.5th at p. 500.) " '[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless. (*People v. Sandoval* [2007] 41 Cal.4th [825,] 839; . . .)" (*Ibid.*)

The *Flores* court concluded, "On this record we are satisfied, beyond a reasonable doubt, the jury would have found true at least one aggravating circumstance." (*People v. Flores*, *supra*, 75 Cal.App.5th at p. 501.) "Thus, remand for resentencing on this issue is unnecessary." (*Ibid.*)

Here the contested issues were not tried by a jury and the sentencing issues were determined by the trial judge. Nevertheless, we conclude that any jury would have found at least one of the aggravating factors here beyond a reasonable doubt just as the trial court did. Berdoll pled no contest to the charges. The trial court was the exclusive trier of fact. Moreover, Berdoll *stipulated* to a factual basis for the plea "based on the police reports." Those reports contained the uncontradicted foundation for the findings of aggravating sentencing factors. The trial court, exercising its sentencing discretion, declared it

5

was imposing the aggregate sentence because the aggravating factors outweighed the mitigating factors.

The aggravating sentencing factors and findings were amply supported by this record and clearly articulated by the trial court. There is no valid claim that these factors did not involve patently reprehensible conduct to exploit young vulnerable children under Berdoll's control. Moreover, there is no doubt from this record as to why the trial court selected the sentence it imposed.

*People v. Mitchell* (2022) 83 Cal.App.5th 1051 also supplies support for our position. Defendant entered into a stipulated plea agreement to a series of charges including reckless driving while evading a police officer. *Mitchell* points out that "[i]n the case where there is a stipulated plea like here, there is no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term at sentencing." (*Id.* at p. 1059.)

"Appellant agreed to a term of six years pursuant to a stipulated plea and the trial court simply sentenced appellant according to the terms of the plea agreement. In fact, it was appellant who offered, as a factual basis for the plea, that she 'drove recklessly while evading a police officer' and the trial court accordingly found that a factual basis existed for the plea. The trial court therefore did not exercise any discretion under former section 1170, subdivision (b) in selecting the lower, middle, or upper term. Further, in entering into the plea, appellant knowingly waived her rights to both a jury trial and court trial. Therefore, the concern raised in *Cunningham v. California* [2007] 549 U.S. [270,] 293, that a defendant's Sixth Amendment rights are violated when aggravating facts to support an upper term sentence are not found by a *jury* beyond a reasonable doubt does

not exist here." (*People v. Mitchell*, *supra*, 84 Cal.App.5th at p. 1059.)

Although here Berdoll's plea of guilty was not based on a stipulated plea agreement, his plea of guilty to the judge's indicated sentence bears similarity. The trial court increased its original indicated sentence because it found the aggravating factors predominated over the mitigating factors.

Logic and common sense lead us to conclude beyond a reasonable doubt that no jury and no trial court would impose a more favorable sentence upon remand. To remand would achieve the same sentencing result and would be a waste of judicial resources.

The trial court considered the aggravating factors and acknowledged the mitigating factors. It decided not to impose its original indicated sentence and to increase the sentence. The facts did not have to be "proven at trial" because Berdoll, represented by counsel, agreed to plead guilty to a longer sentence than originally indicated. The court decided the aggravating factors outweigh the mitigating factors. It is not for this court to order the trial court to once again weigh the factors the trial court already considered. Section 1170, subdivision (b) should result in a remand to the trial court when the facts warrant it. They do not here.

Although we think the concurring opinion is unnecessary, we agree with its reasoning.

*DISPOSITION*

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>


                                GILBERT, P. J.

I concur:



        YEGAN, J.

BALTODANO, J., Concurring in the judgment:

I concur in the judgment.

Since Senate Bill No. 567 (2021-2022 Reg. Sess.) became effective earlier this year, Penal Code[1] section 1170, subdivision (b)(2), has required that "circumstances in aggravation of the crime" supporting a trial court's imposition of an upper-term prison sentence be stipulated to by a defendant or be proven beyond a reasonable doubt. (Stats. 2021, ch. 731, § 1.3.) Unlike prior versions of section 1170, upper-term sentences can now be imposed only if the aggravating circumstances justifying them are proven as required by subdivision (b)(2). (*Id.*, subd. (b)(1).) Where, as here, a trial court has imposed an upper term by relying on aggravating circumstances that were not stipulated to or proven beyond a reasonable doubt, the error is harmless if: (1) the evidence supporting the relied-upon circumstances is so " 'overwhelming and uncontested' " that there is no " ' "evidence that could rationally lead to a contrary finding," ' " and, if the reviewing court cannot reach that conclusion, (2) it is nevertheless reasonably probable that the trial court would have imposed the upper term without consideration of the unproven circumstance(s). (*People v. Lopez* (2022) 78 Cal.App.5th 459, 466-467 (*Lopez*).) Stated differently, resentencing is not required if the record " ' "clearly indicates" ' " that the court would impose the upper term on remand. (*Id.* at p. 467, alterations omitted.)

There was such a clear indication here. The trial court relied on three aggravating circumstances when selecting the upper term on count 1: Berdoll abused a position of trust to commit his crimes (Cal. Rules of Court, rule 4.421(a)(11)), he

---

[1] Statutory references are to the Penal Code.

carried them out in a manner that indicated planning or sophistication (*id.*, rule 4.421(a)(8)), and his victims were particularly vulnerable (*id.*, rule 4.421(a)(3)). The facts underlying these circumstances were neither stipulated to nor proven beyond a reasonable doubt as required by section 1170, subdivision (b)(2). But as he concedes in his briefs, it cannot be seriously contested that Berdoll abused a position of trust: Berdoll, a grade-school teacher, surreptitiously took photos and videos of his students and manipulated the images in pornographic ways. The trial court considered this the "most important[]" aggravating circumstance when giving its three-year indicated sentence. It again cited Berdoll's "massive violation of . . . trust" when revising that sentence upward to four years four months. Given the overriding importance of this circumstance, it is not reasonably probable that the court would have imposed a more lenient term on count 1 even without consideration of the sophistication of Berdoll's crimes or his victims' vulnerabilities.[2] (*Lopez, supra,* 78 Cal.App.5th at p. 467.) Remand is unnecessary.

<u>CERTIFIED FOR PUBLICATION</u>.

BALTODANO, J.

---

[2] Since the Attorney General has not argued that remand is unnecessary because Berdoll stipulated to a factual basis for his plea or entered an open plea in exchange for an indicated sentence, I do not rely on these theories in concluding that the Senate Bill No. 567 error here was harmless. I would wait for a future case in which the Attorney General presents these arguments to decide them.

2

Jesse J. Marino, Judge

Superior Court County of San Luis Obispo

_____

Mark R. Feeser for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.